**LEVINE SULLIVAN KOCH & SCHULZ, LLP**

321 West 44th Street
Suite 1000
New York, NY 10036
(212) 850-6100 | Phone
(212) 850-6299 | Fax

Thomas B. Sullivan
212-850-6139
tsullivan@lskslaw.com

November 17, 2015

**VIA HAND DELIVERY**

Hon. Margo K. Brodie
United States District Court for the
Eastern District of New York
225 Cadman Plaza East, Room N 626
Brooklyn New York 11201

    Re:    *United States v. John Doe*, **15 Cr. 302**

Dear Judge Brodie:

    We represent Johnny Dwyer, an independent journalist and author currently researching a book for Alfred A. Knopf, a division of Penguin Random House publishers. Mr. Dwyer is also a contributor to news networks, print magazines and online publications, as well as an adjunct professor at the Arthur L. Carter Journalism Institute at New York University.

    Under the First Amendment, the press and the public have a "qualified . . . right to attend judicial proceedings and to access certain judicial documents." *Hartford Courant Co. v. Pellegrino*, 380 F.3d 83, 91 (2d Cir. 2004); *see also Press-Enterprise Co. v. Superior Court.*, 478 U.S. 1, 9 (1986) ("*Press Enterprise II*"). The public access right exists to ensure that courts "have a measure of accountability" and to promote "confidence in the administration of justice"—goals that cannot be accomplished "without access to testimony and documents that are used in the performance of Article III functions." *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995). The access right promotes "an informed and enlightened public opinion," *United States v. Mitchell*, 551 F.2d 1252, 1258 (D.C. Cir. 1976), *rev'd, Nixon v. Warner Commc'ns*, 435 U.S. 589 (1978), which is "the most potent of all restraints upon misgovernment," *Grosjean v. Am. Press Co.*, 297 U.S. 233, 250 (1936). Closed proceedings and records, in contrast, inhibit the "crucial prophylactic aspects of the administration of justice" and lead to distrust of the judicial system if, for example, the outcome is unexpected and the reasons for it are hidden from public view. *Richmond Newspapers*, 448 U.S. at 571; *see Press Enterprise Co. v. Superior Court*, 464 U.S. 501, 508 (1984) ("*Press-Enterprise I*") (openness "enhances both the basic fairness of the criminal trial and the appearance of fairness so essential to public confidence in the system").

    The First Amendment right applies not only to proceedings that determine the merits of a dispute, but to all "related proceedings and records." *N.Y. Civil Liberties Union v. N.Y. City*


LEVINE SULLIVAN
KOCH & SCHULZ, LLP

*Transit Auth.* ("*NYCTA*"), 684 F.3d 286, 298 (2d Cir. 2012).[1] *Cf. Citizens First Nat'l Bank v. Cincinnati Ins. Co.*, 178 F.3d 943, 945 (7th Cir. 1999) (Posner, J.) ("The public at large pays for the courts and therefore has an interest in what goes on at all stages of a judicial proceeding."). It is well established that First Amendment right of access extends to preliminary proceedings in criminal cases. *Press-Enterprise II*, 478 U.S. at 13; *United States v. Alcantara*, 396 F.3d 189, 195-96 (2d Cir. 2005). As the Second Circuit has stressed, "[t]ransparency is pivotal to public perception of the judiciary's legitimacy and independence," though it "must at times yield to more compelling interests." *United States v. Aref*, 533 F.3d 72, 83 (2d Cir. 2008).

It is also widely recognized that the First Amendment right of access to judicial proceedings and records is a right of *contemporaneous* access. *E.g., Wash. Post v. Robinson*, 935 F.2d 282, 287 (D.C. Cir. 1991) (noting "critical importance of *contemporaneous* access" to court records); *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 126-27 (2d Cir. 2006) ("'loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury'") (citation omitted); *United States v. Simone*, 14 F.3d 833, 842 (3d Cir. 1994) (ten-day delay in release of transcript of closed hearing violates right of contemporaneous access); *Associated Press v. U.S. Dist. Court*, 705 F.2d 1143, 1147 (9th Cir. 1983) (48 hour delay of release of filed documents violates access right); *United States v. Brooklier*, 685 F.2d 1162, 1172-73 (9th Cir. 1982) (delay in release of transcript of closed suppression hearing until end of trial violates access right).

The Supreme Court has mandated a strict test for the closure of judicial proceedings or records where the constitutional access right applies. While different formulations have been used by various courts to define the showing that must be made, the standard applied by the Supreme Court to overcome the constitutional right encompasses four distinct factors:

**1. There must be a *substantial probability* of prejudice to a compelling interest.** Anyone seeking to restrict the access right must demonstrate a substantial probability that openness will cause harm to a compelling governmental interest. *See, e.g., Richmond Newspapers*, 448 U.S. 555, 581 (1980); *Press-Enterprise I*, 464 U.S. at 510; *Press-Enterprise II*, 478 U.S. at 13-14; *Robinson*, 935 F.2d at 287. In *Press-Enterprise I*, the Supreme Court stressed that a denial of access is permissible only when "essential to preserve higher values." 464 U.S. at 510. In *Press-Enterprise II* it specifically held that a "reasonable likelihood" standard is not sufficiently protective of the access right, and directed that a "substantial probability" standard must be applied. 478 U.S. at 14-15.

---

[1] *See also, e.g., NYCTA*, 684 F.3d at 297 ("the First Amendment safeguards a qualified right of access not only to criminal trials but to related proceedings such as witness testimony; the transcripts of *voir dire* proceedings; and preliminary hearings; [and] to other aspects of criminal trials as well, including judicial records such as videotapes of defendants; pretrial suppression hearings; plea agreements and plea hearings; information on the payment of court-appointed counsel; bail hearings; live *voir dire* proceedings; and sentencing hearings." (citations omitted)).



**LEVINE SULLIVAN KOCH & SCHULZ, LLP**

Hon. Margo K. Brodie
November 17, 2015
Page 3

**2.  There must be no alternative to adequately protect the threatened interest.** Anyone seeking to defeat access must further demonstrate that there is nothing short of a limitation on access that can adequately protect the threatened interest. As the Second Circuit has explained, a "trial judge must consider alternatives and reach a reasoned conclusion that closure is a preferable course to follow to safeguard the interests at issue." *In re The Herald Co.*, 734 F.2d 93, 100 (2d Cir. 1982); *see also, e.g., Press-Enterprise II*, 478 U.S. at 13-14.

**3.  Any restriction on access must be narrowly tailored.** The Supreme Court has long recognized that even "legitimate and substantial" governmental interests "cannot be pursued by means that broadly stifle fundamental personal liberties, when the end can be more narrowly achieved." *Shelton v. Tucker*, 364 U.S. 479, 488 (1960). Thus, where no adequate alternative to closure or sealing exists, any limitation imposed on public access must be no broader than necessary to protect the threatened interest. *See, e.g., Press-Enterprise II*, 478 U.S. at 13-14; *Robinson*, 935 F.2d at 287; *Lugosch*, 435 F.3d at 124.

**4.  Any restriction on access that is imposed must be effective.** Any order limiting access must be effective in protecting the threatened interest for which the limitation is imposed. As articulated in *Press-Enterprise II*, 478 U.S. at 14, the party seeking secrecy must demonstrate "that closure would prevent" the harm sought to be avoided. *See In re The Herald Co.*, 734 F.2d at 101 (closure order cannot stand if "the information sought to be kept confidential has already been given sufficient public exposure"); *Associated Press.*, 705 F.2d at 1146 (must be "'a substantial probability that closure will be effective in protecting against the perceived harm'" (citation omitted)).

The constitutional right of access may be overcome "only with specific, on-the-record findings that sealing is necessary to preserve higher values and only if the sealing order is narrowly tailored to achieve that aim." *Lugosch*, 435 F.3d at 124 (citing *In re N.Y. Times Co.*, 828 F.2d 110, 116 (2d Cir. 1987)); *see also ABC, Inc. v. Stewart*, 360 F.3d 90, 106 (2d Cir. 2004) ("The burden is heavy on those who seek to restrict access to the media, a vital means to open justice."). "Broad and general findings by the trial court . . . are not sufficient to justify closure." *N.Y. Times*, 828 F.2d at 116; *see also Press-Enterprise II*, 478 U.S. at 15 ("conclusory assertion" of a fair trial right cannot defeat the First Amendment right of access); *Stewart*, 360 F.3d at 100, 102-03 (requiring "detailed findings" of a substantial probability that the "right to an impartial jury would be prejudiced by publicity that closure would prevent"). The findings must include sufficient detail to be reviewed on appeal. *See Press-Enterprise* II, 478 U.S. at 13-14; *In re The Herald Co.*, 734 F.2d at 100; *Associated Press*, 705 F.2d at 1147.

As you may be aware, on September 22, 2015, Mr. Dwyer attempted to attend a hearing in your courtroom involving a defendant listed on the court calendar as "John Doe." The court calendar did not indicate that the proceeding was closed or that the matter involved a juvenile; the calendar simply stated that it was a "Criminal Cause for Motion Hearing." Before the hearing began this Court instructed Mr. Dwyer that the proceeding was closed because the



**LEVINE SULLIVAN KOCH & SCHULZ, LLP**

Hon. Margo K. Brodie
November 17, 2015
Page 4

matter concerned a juvenile. Mr. Dwyer then left the courtroom on the instructions of the Court.

Simply because a minor's privacy interest may be implicated in a hearing does not, on its own, justify closure. *See Globe Newspaper Co. v. Superior Court*, 457 U.S. 596, 607—08 (1982) (recognizing that "safeguarding the physical and psychological well-being of a minor" is a compelling interest, but stating that the presence of such interest "does not justify a mandatory closure rule, for it is clear that the circumstances of the particular case may affect the significance of the interest"); *United States v. Yazie*, 743 F.3d 1278, 1288 (9th Cir. 2014) (stating that a court must consider the minor's age, psychological maturity, understanding of the proceedings and charges, the desires of the victim, and the interests of parents and relatives).

We understand that another hearing is scheduled in this matter today at 10:00 a.m. We respectfully urge the Court to permit the press and the public full access to the filings in Mr. Doe's case, as well as all future hearings, or alternatively to consider less restrictive alternatives to the current sealing. To the extent this Court decides that some portion of these proceedings should remain under seal, we ask that this Court make public, specific findings of the reasons for sealing, so that, if appropriate, such findings may be challenged.

I will be present in the courtroom at 10:00 am and respectfully request the opportunity to address the Court concerning these issues. Thank you for your consideration.

Sincerely,

LEVINE SULLIVAN KOCH & SCHULZ, LLP

By: *Thomas B. Sullivan*
Thomas B. Sullivan

cc:     Counsel in courtroom (by hand)