# Green & Willstatter
Attorneys at Law
200 Mamaroneck Avenue
Suite 605
White Plains, New York 10601

---

Theodore S. Green          (914) 948-5656
Richard D. Willstatter       Fax (914) 948-8730          e-mail: willstatter@msn.com

December 16, 2015

Hon. Margo K. Brodie
United States District Court
225 Cadman Plaza East
Brooklyn, New York 11201

                     Re:     *Dwyer v. United States*
                              15 MC 2279 (MKB)
                              *United States v. John Doe*
                              15 CR 302 (MKB)

Dear Judge Brodie:

        This letter is respectfully submitted in opposition to the November 19, 2015 application by counsel for journalist and author Johnny Dwyer ("Dwyer Application"). In the Dwyer Application, counsel seeks to open the proceedings in what he refers to as "this criminal prosecution" and to unseal the docket and records in the case. *See* Dwyer Application at 1. In the first instance, Mr. Dwyer's characterization of these proceedings is wrong. Juvenile proceedings are considered civil in nature. *Kent v. United States*, 383 U.S. 541, 555 (1966) (juvenile proceedings have generally been considered 'civil' in nature and not criminal).

        The Dwyer Application was made after Mr. Dwyer's initial request to this Court on November 17, 2015 to unseal and open proceedings, was denied pursuant to 18 U.S.C. §5038(e). At the November 17, 2015 hearing, the Court pointed out that pursuant to the statute and the case law, a juvenile cannot be publicly named, nor can his picture be made publicly available and the proceedings must be sealed. The Court permitted Dwyer to renew his application if he were to find case law that instructs the court that the statute *requires* the press to be granted access to the courtroom. The Dwyer Application cites cases that have held that district courts have the discretion to open juvenile proceedings or to keep them sealed. Mr. Dwyer has provided no authority that suggests the Court is required to grant him full access to the record in this Juvenile proceeding.

        The Dwyer Application relies on *United States v. Three Juveniles*, 862 F. Supp. 651 (D. Mass. 1994). Counsel argues that "[t]his Court plainly has the discretion to conduct

open proceedings in this criminal prosecution, and no proper basis exists to close all proceedings and seal all records." *See* Dwyer Application at 2. However, the *Three Juveniles* case states that while the Federal Juvenile Delinquency Act ("the Act"), when read in isolation, appears to give the Court discretion to close a courtroom, it must be read in conjunction with Section 5038(e), which is "direct and mandatory." *Id.* at 655. That subsection says that "neither the name nor the picture of any juvenile *shall* be made public in connection with a juvenile delinquency proceeding." 18 U.S.C. § 5038(e)(emphasis added). The *Three Juveniles* court declined to open the proceedings and only allowed access to certain court records including a copy of the Information with all the identifying information redacted. Reading § 5038 as a whole, the court concluded that it had the discretion to disclose records and information about a juvenile so long as the disclosure does not contravene the express mandate in § 5038(e) that the name and picture of the juvenile not be made public. *Id.* at 659.

      Furthermore, the Dwyer Application claims defendant's privacy can still be protected if proceedings are open "simply by requiring all participants, both during court proceedings and in written filings, to use a pseudonym, such as the juvenile's initials, when referring to him." *See* Dwyer Application at 3-4. This argument is flawed. There is no constitutional right to know a juvenile defendant's identity. The defendant's privacy and his right to a fair trial would be gravely violated if proceedings were opened to the public. It would be impossible for the Court to monitor what information is published. If these juvenile proceedings are open to public, the Court cannot then bar the press from publishing information obtained lawfully. *See Oklahoma Publishing Co. v. District Court*, 430 U.S. 308, 310 (1977).

      The Dwyer Application argues that, in the alternative, this Court could depend on Mr. Dwyer's discretion not to disclose the name of the juvenile as the specific identity of the juvenile is irrelevant to the book Mr. Dwyer is writing about the court system. *See* Dwyer Application at 4. This argument suggests Mr. Dwyer's individual right to know the identity of the juvenile so he can finish his book outweighs the juvenile's privacy rights. The Congressional purpose of the Act is to facilitate rehabilitation by protecting juveniles from the stigma of criminal conviction. *Smith v. Daily Mail Publishing Co.*, 443 U.S. 97, 107-08 (1979)(REHNQUIST, J., concurring) ("It is the hallmark of our juvenile justice system in the United States that virtually from its inception . . . its proceedings have been conducted outside of the public's full gaze and the youths brought before our juvenile courts have been shielded from publicity. . . Publication of the names of juvenile offenders may seriously impair the rehabilitative goals of the juvenile justice system and handicap the youth's prospects for adjustment in society and acceptance by the public."). This is especially so in the instant case where the nature of the allegations may well provoke an emotional charged reaction from the public. Therefore, the defendant's right to confidentiality and privacy are compelling factors to keep the proceedings closed.

Mr. Dwyer argues that "without access to such documents, members of the public cannot understand the very basics of the criminal proceedings they are attempting to monitor" and that closure would violate the First Amendment. *See* Dwyer Application at 2, 5. The Supreme Court has held that the First Amendment's guarantees of freedom of speech, press, and assembly provide for the public's right of access to criminal proceedings. See *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 575-78 (1980). "The *Richmond* test is now known as the 'experience and logic' test. The first part of the test considers whether the particular proceeding and records 'historically [have] been open to the press and general public.' If the proceedings have been historically open, then the question becomes whether public access would play a 'significant positive role in the functioning of the particular process in question.'" *Ky. Press Ass'n v. State*, 355 F. Supp. 2d 853, 2005 U.S. Dist. LEXIS 2514 (E.D. Ky. 2005)(citations omitted)(finding that juvenile proceedings have been historically closed to the public and that opening juvenile proceedings would frustrate the purpose of juvenile court).  Dwyer cannot show that federal juvenile proceedings have been public, nor can he demonstrate that public access to them would play a positive role in the functioning of the adjudication of this case.

"The lack of public access to juvenile records is not a violation of a constitutional provision. Juvenile proceedings and dispositions have not historically been open to the press and the general public. Opening juvenile proceedings and disclosing dispositions would not play a significantly positive role in the functioning of the juvenile delinquency adjudicating process." *Voneida v. Commonwealth*, 2011 U.S. Dist. LEXIS 142820 *14, 2011 WL 6003197 (M.D. Pa. Oct. 18, 2011).

Finally, the Dwyer Application claims "the nature of the crime charged against the unnamed defendant, the status of the proceedings, the motions made by the parties, and the rulings of this Court are, at present, entirely unknown to the public." *See* Dwyer Application at 1. However, on November 18, 2015, the Court publicly filed its recent decision in the instant case in a redacted format. In that decision the Court outlines at length the nature of the crime charged, motions made by the parties and their positions, facts alleged in the juvenile information, and its ruling. The public, including Mr. Dwyer, already have access to the decision. Therefore, as there are compelling reasons to keep the proceedings and records closed and sealed, the Court should deny the Dwyer Application in its entirety.

Very truly yours,

/s/
RICHARD D. WILLSTATTER

cc:  Douglas Pravda, Esq.
     Ian Richardson, Esq.
     Alexander Solomon, Esq.

Assistant US Attorneys

Thomas Sullivan, Esq.
Counsel for Johnny Dwyer