

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

SDD:AAS/DMP/ICR
F. #2015R00998

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

December 18, 2015

By ECF

The Honorable Margo K. Brodie
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

   Re: United States v. John Doe
      Criminal Docket No. 15-302 (MKB)

      Dwyer v. United States
      Miscellaneous Docket No. 15-2279 (MKB)

Dear Judge Brodie:

  The government respectfully submits this letter pursuant to the Court's December 4, 2015 order directing the parties to respond to the November 19, 2015 letter submitted by non-party movant Johnny Dwyer ("Dwyer Application").

  Before a status conference in United States v. Doe, 15 Cr. 302, on November 17, 2015, Mr. Dwyer submitted a letter requesting that the Court unseal and permit him access to the proceedings. (Dwyer Letter, Nov. 17, 2015 at 4, United States v. Doe, 15 Cr. 302, ECF No. 39). In his letter, Mr. Dwyer requested "full access to the filings in Mr. Doe's case, as well as all future hearings, or alternatively to consider less restrictive alternatives to the current sealing." Id. Mr. Dwyer further requested that the Court make "specific findings of the reasons for sealing, so that, if appropriate, such findings may be challenged." Id. The Court orally denied Mr. Dwyer's request for access to the filings in this case and to the status conference on the ground that this case is a juvenile delinquency proceeding subject to the requirements and protections of the Juvenile Delinquency Act (the "Act"), 18 U.S.C. §§ 5031 et seq., which, among other things, prohibits disclosure of "information and records relating to the proceeding" and the release of the juvenile's "name" and "picture," see id. § 5038(e).

  The Court also invited Mr. Dwyer to file an application with supplemental authority if he believed that the Court's ruling was erroneous. On November 18, 2015, the

Court unsealed certain filings and minute entries in this case, including a redacted copy of the Court's October 29, 2015 Memorandum and Order. (Doe, ECF Nos. 43 (Redacted Memorandum and Order) & 45 (Unsealing Order)). On November 19, 2015, Mr. Dwyer filed the instant application requesting that the Court "(a) open proceedings in the criminal prosecution that currently are currently being conducted in a closed courtroom and (b) unseal the docket and records in [Doe]." (Dwyer Application at 1, Dwyer v. United States, 15 Misc. 2279, ECF No. 1).

I. The Court's Discretion to Close Juvenile Delinquency Proceedings and Seal Records of the Proceedings

The Act includes specific and mandatory protections for the confidentiality of records and privacy of juveniles in juvenile delinquency proceedings. Among other things, the Act requires that "[t]hroughout and upon the completion of the juvenile delinquency proceeding, the records shall be safeguarded from disclosure to unauthorized persons." 18 U.S.C. § 5038(a). The Act further requires that "[d]uring the course of any juvenile delinquency proceeding all information and records relating to the proceeding . . . shall not be disclosed directly or indirectly to anyone other than the judge, counsel for the juvenile and the Government, or others entitled under this section to receive juvenile records," id. § 5038(e), and it further provides that "neither the name nor picture of any juvenile shall be made public in connection with a juvenile delinquency proceeding," id. § 5038(e). Despite the nature of the privacy and confidentiality protections built into the Act, Mr. Dwyer argues that the Court nevertheless has discretion to open the proceedings to non-party observers and to unseal redacted copies of the filings.

Although the Second Circuit has yet to address this question, some courts have held that the Act does not necessarily require a district court to close the courtroom to the public, but instead authorizes a district court to exercise discretion to determine on a case-by-case basis what measures are necessary to comply with the Act's confidentiality and privacy provisions. See United States v. Three Juveniles, 61 F.3d 86, 92 (1st Cir. 1995) ("[W]e hold that the Act does not mandate across-the-board closure for all juvenile proceedings, but merely authorizes closure, or any other measures designed to ensure confidentiality, to be determined on a case-by-case basis at the discretion of the district court."); United States v. A.D., 28 F.3d 1353, 1361 (3d Cir. 1994) (reversing district court order denying access to media based on district court's conclusion that statute required district court to seal record and close the courtroom and remanding to the district court "to exercise its discretion concerning whether, and the extent to which, there should be public access to the records of these proceedings"); cf. United States v. Eric B., 86 F.3d 869, 879 (9th Cir. 1996) (rejecting juvenile delinquent's challenge to district court's order permitting the victim's family to attend delinquency proceedings holding that that Act "implicitly confers discretion on the court to control public access to the proceedings").

Assuming for the sake of argument that the Court does retain discretion to determine what measures, short of sealing, are necessary to comply with the provisions of the Act, courts in this district have nevertheless found that sealing the filings and closing the

courtroom in a juvenile delinquency proceeding are steps necessary to comply with the Act's confidentiality and privacy provisions.  See United States v. Juvenile Male, No. 14-CR-645 (JFB), 2015 WL 6550344, at *1 n.1 (E.D.N.Y. Oct. 23, 2015) ("Section 5038(e) of the Juvenile Justice and Delinquency Prevention Act provides that neither the name nor the picture of any juvenile shall be made public during juvenile delinquency proceedings. 18 U.S.C. § 5038(e). The Court determined that, in order to comply with this provision and the other statutory provisions of § 5038 that require the confidentiality of juvenile records, the proceedings and all documents related to the Information should be sealed."); United States v. Juvenile Male, No. 11-CR-717 (JFB), 2013 WL 461220, at *1 n.2 (E.D.N.Y. Jan. 30, 2013) (same); United States v. Juvenile Male, 844 F. Supp. 2d 333, 335 n.1 (E.D.N.Y. 2012) (same); United States v. Juvenile Male No. 2, 761 F. Supp. 2d 27, 29 n.2 (E.D.N.Y. 2011) (same).  Thus, this Court's decision to close the proceedings and seal the filings is consistent with the approach taken by other courts in this district to enforcing the Act's provisions and was not erroneous.

With respect to Mr. Dwyer's request that the docket be unsealed, (see Dwyer Application at 4-5), the Court already has unsealed a redacted copy of its memorandum and order transferring the defendant to adult status and certain of the docket entries in Doe. (United States v. Doe, ECF Nos. 43 (Redacted Memorandum and Order) & 45 (Unsealing Order)).  The government does not object to unsealing other docket entries so long as those items can be sufficiently redacted to protect the records and information subject to the privacy and confidentiality protections of the Act.

## II.     Right of Access to Juvenile Delinquency Proceedings

Mr. Dwyer fails to identify any authority supporting his assertion that "no proper basis exists to close all proceedings and seal all records." (Dwyer Application at 2).  Much of the argument in Mr. Dwyer's application proceeds from the erroneous assumption that the proceedings in Doe are a "criminal prosecution . . . being conducted in a closed courtroom." (Dwyer Application at 1).  To the contrary, proceedings under the Act result in either a finding of juvenile delinquency or a juvenile's transfer to adult status for criminal prosecution.  See 18 U.S.C. § 5032.  "A successful prosecution under the Act results in a civil adjudication of status, not a criminal conviction." United States v. Juvenile, 347 F.3d 778, 785 (9th Cir. 2003) (internal quotation marks omitted); see also United States v. A.D., 28 F.3d 1353, 1358 (3d Cir. 1994) ("[P]roceedings to determine whether a juvenile is a delinquent are not generally regarded as criminal proceedings."); United States v. Brian N., 900 F.2d 218, 220 (10th Cir. 1990) ("Under this act, prosecution results in an adjudication of status—not a criminal conviction."); 18 U.S.C. § 5031 (defining "juvenile delinquency" as "the violation of a law of the United States committed by a person prior to his eighteenth birthday which would have been a crime if committed by an adult") (emphasis added).

Other courts have observed that the very purpose of the Act "is to enhance the juvenile system by removing juveniles from the ordinary criminal justice system and by providing a separate system of treatment for them." United States v. Juvenile Male, 670 F.3d 999, 1004 (9th Cir. 2012) (internal quotation marks omitted).  Indeed, in the context of state

3

juvenile justice proceedings, the Supreme Court has recognized that the state's "interest in preserving and promoting the welfare of the child, . . . makes a juvenile proceeding fundamentally different from an adult criminal trial." Schall v. Martin, 467 U.S. 253, 263 (1984) (internal quotation marks omitted).

Thus, the Supreme Court cases cited in Mr. Dwyer's application which have identified a First Amendment right of access to the courtroom in adult criminal cases and have imposed stringent requirements before criminal proceedings may be closed, are distinguishable.  See Press-Enterprise Co. v. Superior Court of California, 478 U.S. 1, 10 (1986) (holding that "the right of access applies to preliminary hearings as conducted in California"); Press-Enterprise Co. v. Superior Court of California, 464 U.S. 501, 505 (1984) (holding that in criminal trial "the process of selection of jurors has presumptively been a public process with exceptions only for good cause shown"); Globe Newspaper Co. v. Superior Court for Norfolk Cty., 457 U.S. 596, 605-606 (1982) (holding that "a right of access to criminal trials in particular is properly afforded protection by the First Amendment," while noting that even that right is "not absolute") (emphasis in original); Richmond Newspapers, Inc. v. Virginia, 448 U.S. 555, 580 (1980) ("We hold that the right to attend criminal trials is implicit in the guarantees of the First Amendment.").

Mr. Dwyer has not identified any authority holding that the First Amendment right of access to criminal proceedings applies with equal force to juvenile delinquency proceedings under the Act.  To the contrary, the First Circuit observed in Three Juveniles, that "the language and policy of the Act, as well as the history of juvenile justice proceedings in this country over the past century, indicate that a court's exercise of its discretion to close juvenile proceedings is not an exception to some general rule of openness, but the norm." United States v. Three Juveniles, 61 F.3d 86, 92 (1st Cir. 1995); see also United States v. A.D., 28 F.3d 1353, 1358 (3d Cir. 1994) (recognizing that Globe Newspaper Co. is "not controlling" because, among other things, "[n]o centuries-old tradition of openness exists for juvenile proceedings, which are a relatively recent creation").  Although the First Circuit was not required to reach the issue because the district court had made specific findings that would have satisfied the First Amendment test for a courtroom closure, the First Circuit nevertheless characterized as "dubious" the "assumption that district courts must meet the extremely stringent First Amendment standards applied to adult criminal cases in order to justify closure of juvenile proceedings."  Three Juveniles, 61 F.3d at 93; see also id. at 94 n.9 (questioning whether even the common law right of access to judicial proceedings applies to juvenile delinquency proceedings).

Accordingly, the unique confidentiality and privacy protections afforded by the Act provided the Court with a proper basis to close these non-criminal proceedings and seal the records of the proceedings. Here, the court has already unsealed certain docket entries and a redacted copy of its memorandum and order, thus, contrary to Mr. Dwyer's assertions, the record in this case is not entirely sealed.  The Court's memorandum and order sets forth both the parties' arguments and facts underlying the proceeding.  In addition, as described above, the government does not oppose unsealing those docket entries that can be redacted to comply with the confidentiality and privacy protections of the Act.

4

### III. Conclusion

The Court's decision to seal the filings and close the courtroom to comply with the provisions of the Act was appropriate consistent with the approach taken by other courts in this district and elsewhere to comply with the Act's unique protections. However, the government does not object to unsealing the entries of the docket in Doe, provided that they can be sufficiently redacted to comply with the privacy and confidentiality protections of the Act.

Respectfully submitted,

ROBERT L. CAPERS
United States Attorney

By:   /s/ Ian C. Richardson
Alexander A. Solomon
Douglas M. Pravda
Ian C. Richardson
Assistant U.S. Attorneys
(718) 254-7000


cc: Clerk of the Court (MKB) (by ECF)
Richard Willstatter, Esq., counsel to the Defendant (by ECF)
Thomas B. Sullivan, Esq., counsel to Non-Party Movant Johnny Dwyer (by ECF and email)